# EXHIBIT B

Exh. B-24

WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
DANIEL C. GUNNING (259642)
THERESA M. WYNNE (299739)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rwofford@wilsonturnerkosmo.com
E-mail: dgunning@wilsonturnerkosmo.com
E-mail: twynne@wilsonturnerkosmo.com

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

FILED
BUSINESS OFFICE #4
CENTRAL DIVISION

2018 NOV 29  PM 3: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JESUS M. RODRIGUEZ, an Individual;<br><br>       Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a Delaware limited liability company; and DOES 1-50, Inclusive,<br><br>       Defendants. | Case No. 37-2018-00045824-CU-WT-CTL<br>IMAGED FILE<br><br>**DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF JESUS M. RODRIGUEZ'S COMPLAINT**<br><br>Complaint Filed: September 11, 2018<br><br>Dept.:    C-65<br>Judge:   Hon. Joan M. Lewis<br>Trial Date:  Not Set |

## GENERAL DENIAL

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant AT&T MOBILITY SERVICES LLC ("Defendant" or "AT&T") denies each and every allegation of Plaintiff JESUS M. RODRIGUEZ's ("Plaintiff") unverified complaint and every purported cause of action alleged therein. AT&T further denies that Plaintiff has suffered damages in the sum or sums alleged or any other sum.

///

///

///

---

1

DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF JESUS M. RODRIGUEZ'S COMPLAINT

Exh. B-25

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

The Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute any cause of action against AT&T.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitation)

All Plaintiff's causes of action are barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, and 343 and California Government Code 12900, *et seq.*, and 42 USC section 2000, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

#### (Standing)

Plaintiff lacks standing to assert his claims against AT&T.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel/Waiver/Consent/Unclean Hands)

The Complaint and each of its causes of action are barred by the doctrines of estoppel, waiver, consent, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

#### (Collateral Estoppel/Res Judicata)

The Complaint and each of its causes of action are barred by the doctrines of collateral estoppel and/or res judicata.

### SIXTH AFFIRMATIVE DEFENSE

#### (Laches)

The Complaint and each of its causes of action are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Privilege)

All acts of AT&T affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and without malice.

Exh. B-26

## EIGHTH AFFIRMATIVE DEFENSE

### (Obligations Discharged)

AT&T has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Termination)

The Complaint and each of its causes of action are barred because all acts of AT&T affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

## TENTH AFFIRMATIVE DEFENSE

### (No Ratification)

AT&T did not authorize, ratify, acquiesce in, have knowledge of, have reason to know of, approve, participate in, or direct action by any person or entities, constituting unlawful conduct toward Plaintiff, whether as alleged or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

If it is found that AT&T's actions were motivated by both discriminatory/retaliatory and nondiscriminatory/non-retaliatory reasons, AT&T's nondiscriminatory/non-retaliatory reasons alone would have induced it to make the same decision.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Based on Plaintiff's alleged wrongdoing, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

AT&T exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace. AT&T is informed and believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

3

Exh. B-27

AT&T to avoid harm otherwise.  By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Internal Administrative Remedies)

Plaintiff's claims are barred by Plaintiff's failure to exhaust internal administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust External Administrative Remedies)

Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent Plaintiff failed to exhaust his administrative remedies with the appropriate governmental agency.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Different Allegations in Administrative Charge)

Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Not a Qualified Individual)

Plaintiff was not a qualified individual for FEHA purposes because he was unable to perform the essential functions of his position with or without accommodation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Reasonable Accommodation)

As to Plaintiff's disability discrimination, failure to accommodate and failure to engage in the interactive process claims, AT&T alleges that Plaintiff's alleged requested accommodation, if any, was unreasonable.  Although AT&T contends that Plaintiff received every accommodation he requested throughout the tenure of his employment, if any, to the extent that Plaintiff alleges he requested any accommodation he did not receive, this accommodation would be unreasonable.

///

///

4

Exh. B-28

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

Regarding Plaintiff's disability discrimination, failure to accommodate, and failure to engage in the interactive process claims, AT&T was not required to make the requested accommodation because it would have caused an undue hardship.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to Provide Adequate Information)

Plaintiff's interactive process claim lacks merit because any breakdown in the interactive process was attributable to Plaintiff's failure to provide adequate information.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Fraudulently Obtained)

Plaintiff was not entitled to protection under the FMLA because he fraudulently obtained/ used FMLA leave.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Failed to Provide Certification)

Plaintiff was not entitled to protection under the FMLA because he failed to timely provide the required certification for the time period in question.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Preemption)

Plaintiff's claims are barred and should be dismissed to the extent they are preempted by the federal Labor Management Relations Act, 29 U.S.C. § 185, and/or the National Labor Relations Act, 29 U.S.C. § 161, and to the extent this Court otherwise lacks subject matter jurisdiction. Plaintiff was a member of a union, the Communication Workers of America ("CWA"), during his employment with Defendant, and the terms and conditions of his employment were governed by the collective bargaining agreement ("CBA") between the CWA and AT&T. AT&T is informed and believes and thereon alleges that resolution of Plaintiff's claims are substantially dependent on analysis of the terms and conditions of the CBAs that governed Plaintiff's employment and therefore is preempted by section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)).

5

Exh. B-29

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Management Relations Act Statute of Limitations)

To the extent the Complaint, and each of its claims for relief, alleges a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiff's employment and/or the adjudication of such claims involves the interpretation or application of the CBA, the claims are barred by the statute of limitations applicable to claims arising under section 301 of the Labor Management Relations Act, 29 U.S.C. § 160(b).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Grievance-Arbitration Procedure Exclusive Remedies)

To the extent the Complaint, and each of its claims for relief, alleges a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiff's employment and/or the adjudication of such claims involves the interpretation or application of the CBA, the sole and exclusive remedy for the allegations made in such claims are the CBA's grievance and arbitration procedures.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Grievance-Arbitration Procedures)

To the extent the Complaint, and each of its claims for relief, alleges a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiff's employment and/or the adjudication of such claims involves the interpretation or application of the CBA, Plaintiff failed to exhaust the CBA's grievance and arbitration procedures.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Grievance-Arbitration Procedures Binding)

To the extent the Complaint, and each of its claims for relief, alleges a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiff's employment and/or the adjudication of such claims involves the interpretation or application of the CBA, and Plaintiff has already pursued his remedies under the CBA's grievance and arbitration procedures, Plaintiff is bound by such resolution.

DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF JESUS M. RODRIGUEZ'S COMPLAINT

Exh. B-30

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

#### (No Injury)

3      Plaintiff has suffered no cognizable damage or injury as a result of the conduct alleged in the

4   Complaint.

5

### TWENTY-NINTH AFFIRMATIVE DEFENSE

6

#### (Failure to Mitigate)

7      Without admitting the allegations of the Complaint, AT&T alleges that if Plaintiff suffered

8   any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own

9   failure to mitigate against his alleged damages and that, therefore, Plaintiff's claims must be

10   reduced, diminished or defeated by such amounts as should have been so mitigated.

11

### THIRTIETH AFFIRMATIVE DEFENSE

12

#### (Alternative/Concurrent Stressors)

13      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they

14   were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the

15   result of any act or omission of AT&T.

16

### THIRTY-FIRST AFFIRMATIVE DEFENSE

17

#### (Workers' Compensation Preemption)

18      Plaintiff's claims for physical or emotional damages are preempted by the California

19   Workers' Compensation Act.

20

### THIRTY-SECOND AFFIRMATIVE DEFENSE

21

#### (ERISA Preemption Under § 514(a))

22      Plaintiff's Complaint is preempted by federal law under the Employee Retirement Income

23   Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to the extent Plaintiff contends Defendant's

24   employment-related decisions were unlawfully based on or affected by determinations of eligibility

25   for benefits under a plan regulated by ERISA or were motivated by a desire to prevent or otherwise

26   interfere with the attainment of such benefits under a plan regulated by ERISA, including, but not

27   limited to, any applicable short-term disability plan or long-term disability plan.  AT&T's disability

28   plans are ERISA-regulated plans.  Plaintiff seeks recovery of employment benefits under AT&T's

Exh. B-31

1   plan as part of his remedies.  Moreover, as a corollary to the preemption of these claims, decisions

2   regarding the eligibility for benefits, including short-term disability benefits, were not made by

3   AT&T; such decisions were made by a third-party claims administrator.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (ERISA Preemption Under § 502(a))

6         Plaintiff's Complaint is preempted by federal law under ERISA to the extent Plaintiff seeks

7   to recover "benefits" in this action, including any employee benefits allegedly due or the

8   clarification of rights to such benefits under a plan regulated by ERISA, including, but not limited to,

9   any applicable short-term disability plan or long-term disability plan.  AT&T's disability plans are

10  ERISA-regulated plans.  Plaintiff seeks to recover employee benefits under AT&T's plan as part of

11  his remedies in this action.  Moreover, as a corollary to the preemption of these claims, decisions

12  regarding the eligibility for benefits, including short-term disability benefits, were not made by

13  Defendant; such decisions were made by a third-party claims administrator.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

16        Injunctive relief is not appropriate because Plaintiff has an adequate legal remedy.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

19        Regarding all of Plaintiff's causes of action, imposition of punitive damages would violate

20  AT&T's due process and equal protection rights under the United States Constitution.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Good Faith Implementation of Anti-Discrimination Policies)

23        Punitive damages are not available to Plaintiff because AT&T has in good faith implemented

24  policies prohibiting discrimination and retaliation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Insufficient Allegations of Punitive Damages Against Corporation)

27        Plaintiff is not entitled to recover punitive damages or exemplary damages because none of

28  AT&T's officers, directors or managing agents committed the alleged oppressive, fraudulent or

Exh. B-32

1  malicious acts, or authorized or ratified the alleged acts, or had advance knowledge of the unfitness

2  of the employee(s) who allegedly committed the acts complained of by Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

5       AT&T currently has insufficient information available upon which to form a belief as to

6  whether it has additional, as yet unstated, affirmative defenses available.  AT&T reserves the right to

7  assert additional affirmative defenses in the event discovery indicates they would be appropriate.

8       WHEREFORE, Defendant prays as follows:

9       1.     That Plaintiff's Complaint and all claims and causes of action therein be dismissed

10  with prejudice;

11       2.     That Plaintiff take nothing by this action;

12       3.     That judgment be entered against Plaintiff and in favor of Defendant;

13       4.     That Defendant be awarded its costs incurred in this action, including reasonable

14  attorneys' fees; and

15       5.     That this Court grant Defendant such other and further legal or equitable relief as the

16  Court deems just and proper.

Dated:     November 29, 2018     **WILSON TURNER KOSMO LLP**

By:     _____

ROBIN A. WOFFORD
DANIEL C. GUNNING
THERESA M. WYNNE
Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

02071822.DOCX

9

DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF JESUS M. RODRIGUEZ'S COMPLAINT

Exh. B-33

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED):<br>***JESUS RODRIGUEZ v. AT&T MOBILITY SERVICES, LLC, ET AL.*** | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):                                    TELEPHONE NO.:<br>**WILSON TURNER KOSMO LLP**<br>ROBIN A. WOFFORD (137919)                              Tel. (619) 236-9600<br>DANIEL C. GUNNING (259642)                           Fax: (619) 236-9669<br>THERESA M. WYNNE (299739)<br>550 West C Street, Suite 1050<br>San Diego, CA  92101 | | |
| **ATTORNEYS FOR:**<br>**Defendant**<br>**AT&T MOBILITY SERVICES LLC** | HEARING DATE – TIME | **CASE NUMBER:**<br>**37-2018-00045824-CU-WT-CTL**<br>**IMAGED FILE** |

**PROOF OF SERVICE—CIVIL**

Check method of service (only one):

| ☐ **By Personal Service** | ☒ **By Mail** | ☐ **By Overnight Delivery** |
|---|---|---|
| ☐ **By Messenger Service** | ☐ **By Fax** | ☐ **By Electronic Service** |

1.    At the time of service I was over 18 years of age and not a party to this action.

2.    My residence or business address is:  **550 West C Street, Suite 1050, San Diego, CA 92101**

3.    ☐ The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):

4.    On November 29, 2018: I served the following documents (specify):

  **1.    DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF JESUS M.
          RODRIGUEZ'S COMPLAINT**

☐   The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

5.    I served the documents on the person or persons below, as follows:

  a.    Name of person(s) served:  **See List of Counsel Below**

  b.    ☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.) Business or residential address where person was served:

  **David P. Strauss**
  **The Law Office of David P. Strauss**
  **501 West Broadway, Suite 1095**
  **San Diego, CA 92101**
  **Tel: (619) 237-5300**
  **Fax: (619) 237-5311**
  **E-mail: ds@dstrausslaw.com**
  ***Counsel for Plaintiff JESUS RODRIGUEZ***

  **Terry J. Chapko**
  **The Law Office of Terry J. Chapko**
  **120 C Avenue, Suite 120**
  **Coronado, CA  92118**
  **Tel: (619) 522-2100**
  **Fax: (619) 522-2104**
  **E-mail: tchapko@chapkolaw.com**
  ***Counsel for Plaintiff JESUS RODRIGUEZ***

  c.    ☐  (Complete if service was by fax or electronic service.)

  (1)    Fax number or electronic notification address where person was served:

  (2)    Time of service:

☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6.    The documents were served by the following means (specify):

  a.    ☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5.
             (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by
             leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with
             a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in
             the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's

Exh. B-34

*JESUS RODRIGUEZ v. AT&T MOBILITY SERVICES, LLC, ET AL.*
Case No. 37-2018-00045824-CU-WT-CTL

residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify, one):

(1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California:

c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f.  ☐  **By electronic service.** Based upon an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 29, 2018

_____

Mona C. Jones

Exh. B-35